9

| | |
|---|---|
| PHILLIP A. TALBERT<br>Acting United States Attorney<br>JEFFREY J. LODGE<br>Assistant United States Attorney<br>2500 Tulare Street, Suite 4401<br>Fresno, California 93721<br>Telephone: (559) 497-4000<br>Email: jeffrey.lodge@usdoj.gov<br><br>Attorneys for the United States Department of Education | |

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MARTHA CORNEJO FERNANDEZ,<br><br>　　　　　　　　Debtor, | Case No. 21-10026<br>Chapter 7 |
| MARTHA CORNEJO FERNANDEZ,<br><br>　　　　　　　　Plaintiff,<br>v.<br>UNITED STATES DEPARTMENT OF EDUCATION et al.,<br>　　　　　　　　Defendants. | Adv. Proceeding No. 21-1020<br><br>**UNITED STATES DEPARTMENT OF EDUCATION'S MOTION TO DISMISS**<br><br>DCN: USA-1<br><br>Date:　November 3, 2021<br>Time:　2:00 p.m.<br>Court:　Courtroom 11, Fifth Floor<br>　　　　2500 Tulare Street<br>　　　　Fresno, CA<br>Judge:　Hon. Jennifer E. Niemann |

　　　　Plaintiff Martha Cornejo Fernandez's complaint to determine the dischargeability of student loans should be dismissed because it does not state a claim that is plausible on its face. The Complaint does not state Fernandez's income and expenses and alleges nothing more than a series of generalized grievances and speculation and does not contain enough facts to state a claim for relief that is plausible

UNITED STATES' MOTION TO DISMISS　　　　　　　　　　　　　　　　　　　　　　　　　　1

on its face. The complaint fails to address the circumstances under which she incurred student loans and what is currently required by them. For these reasons, the complaint fails to state a plausible claim for undue hardship as required by 11 U.S.C. § 523(a)(8) and Rule 7012(b)(6).

## FACTUAL AND PROCEDURAL BACKGROUND

### A.  Chapter 7 bankruptcy.

On January 8, 2021, Fernandez filed a voluntary petition under chapter 7 with the assistance of a bankruptcy petition preparer. BK Doc. 1. Her schedules indicate that she was employed as a Mental Health Rehabilitation Specialist for 2 years. *Id.* at Sch. I. She has monthly income of $3,383.45 and expenses of $3,62.83. *Id.* at Sch. I. At the time of filing (through present), her monthly student loan payments were zero. *Id.* at Sch. J. She is married, but her spouse was not a co-debtor in bankruptcy, and she has no dependents. *Id.* Education records show that she is 33 years old. The case was deemed "no asset" and a discharge was granted on May 10, 2021. Doc. 13.

### B.  Adversary proceeding.

On May 5, 2021, Fernandez filed a skimpy (10 sentence) complaint. Doc. 1. Without explaining the departure from her bankruptcy schedules or stating her current income and expenses, she alleges:

> Based on the Debtor's current income and expenses, the Debtor cannot maintain a minimal living standard and has been on and off employments since 2019 due to her medical condition and is unable to secured employment in either her traditional profession of mental therapist or other appropriate employment for which she is qualified.

Doc. 1 at 1:22-25. She did not identify her current employment, but instead makes a prediction:

> Debtor's poor health advanced limits Debtor's prospective long-term employment In an imminent severe episode Debtor will be unable to attend her employment and will face a financial hardship and will be not be available maintain a minimal standard of living.

*Id*. at 2:9-13 (emphasis added). She alleges that she has certain health conditions "began in the year 2018." *Id*. at 2:3. She does not state when she graduated or when, if at all, her student loan payments become due or what repayment options she explored. Instead, the complaint alleges:

> The debt is currently in good standing and Debtor has made a good faith effort to repay the loans extends to making exhaustive effort to secure employment over the last three years.

*Id*. at 2:12-13. The complaint was not properly served on Education. Doc. 3; Fed. R. Bankr. P. 7004(b)(4) and (5); *see also* EDC.002-785 Roster of Governmental Agencies.

UNITED STATES' MOTION TO DISMISS                                                                                                           2

On June 7, 2021, Education's counsel sent a letter to the Plaintiff advising her that she had not properly served Education and that the complaint failed to state a plausible cause of action. Education asked her to seek administrative relief including reinstatement of her Income Contingent Repayment Plan ("ICRP"). Plaintiff did not respond, but instead served a "stale," or outdated, version of a re-issued summons and the original complaint. Doc. 13.

On July 27, 2021, Education sent a second letter to Plaintiff advising her that she had still not properly served Education and reiterated that the complaint failed to state a plausible cause of action because it did not address the material circumstances, including:

> You continued to take out Student loans with over $32,000 requested in August of 2020. You then graduated with a second degree (Graduate Level loans) on 12/05/2020. You then filed Chapter 7 BK on 01/08/2021 (around 141 days from last disbursement) and then filed an Adversary complaint on 06/15/2021.
>
> The complaint indicates that you knew of your conditions or were very ill since 2018 but continued to take out more than $100,000 worth of loans thereafter. You have not been out of school long enough to even attempt to seek employment. You graduated with your first degree on 08/08/2014 and returned to school on 03/22/2017. You have never applied for administrative remedies such as a Total and Permanent Disability discharge or an Income-Driven Repayment plan (IBR), specifically Revised Pay As You Earn (REPAYE).

Plaintiff did not respond, but instead served a re-issued summons with the original complaint. Doc. 17.

**C.  The Complaint.**

Despite two written requests from Education, Fernandez elected to proceed with the original Complaint which does not address her current financial situation. Doc. 17. The complaint does not state her age, her employment at the time of filing, or her income and expenses.[1] The complaint admits that her student loan is "not in default" but fails to explain that no payments are due because she recently completed her graduate education. *Id.* The complaint assumes that her current employment will end. *Id.* It alleges good faith based only upon an "effort to secure employment over the last three years" and not because she made any attempt to repay the loans or engage in a flexible repayment plan. It does not allege that she has a total and permanent disability ("TPD") or that she qualifies for a TPD discharge. 34 CFR § 685.213. The complaint does not address that Fernandez may select an income-based repayment plan such as the Revised Pay As You Earn (REPAYE) plan (monthly payments that are

---

[1] The Federal Rules of Evidence allows a court to take judicial notice of matters of public record. Fed. R. Evid. 201. This includes its own records. *Id.* Official publications are self-authenticating. *Id.* at 902(5). Also, Education can introduce addition documents to make the record complete. *Id.* at 106.

UNITED STATES' MOTION TO DISMISS 3

generally equal to 10% of discretionary income, divided by 12, with a term of 25 years). *See* https://studentaid.gov/app/ibrInstructions; 34 C.F.R. § 682.215.[2]  She may also be on the path towards Public Service Loan Forgiveness (PSLF) within ten years.  *See* 34 C.F.R. § 685.219.  For relief, the complaint requests a discharge of her student loans pursuant to section 523(a)(8) of the Bankruptcy Code.

## LEGAL STANDARDS

### A.    Dismissal for failure to state a plausible claim for relief.

Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7012, provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The complaint must be construed in the light most favorable to the plaintiff.  *Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, the Court need not accept as true conclusory allegations, legal characterizations or unreasonable inferences.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007) ("[c]onclusory allegations and unreasonable inferences . . . are insufficient to defeat a motion to dismiss."); *see also Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (courts need not accept as true legal argument cast in the form of factual allegations).  Nor need the Court assume that the plaintiff can prove facts different from those alleged.  *Associated General Contractors, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Courts may consider matters of which they may take judicial notice under Federal Rule of Evidence 201(f) without converting the motion into a Rule 56 motion for summary judgment.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

In addition, to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 127 S. Ct. 1955, 1974 (2007); *see also Weber v. VA*, 512 F.3d 1178, 1181 (9th Cir. 2008).  Thus, the allegations

---

[2]    Detailed information about repayment options including flexible repayment plans is available at https://studentaid.gov/manage-loans/repayment/plans (last visited 8.18.2021).  *See also* https://myfedloan.org/borrowers/repayment-plans/income-driven (last visited 8.18.2021)).  Borrowers can also log into their own specific servicer's page: https://www.nelnet.com/income-driven-repayment-plans (last visited 8.18.2021).

UNITED STATES' MOTION TO DISMISS                                                                                           4

must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544, 555. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted). Further, a complaint must contain factual allegations giving not "only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 127 S. Ct. at 1965 n.3.

  **B.**  **Student Loans are Presumed to be Nondischargeable.**

  Generally, student loan obligations are presumed to be nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(8). Section 523(a)(8) provides:

> A discharge under section 727 . . . does not discharge an individual debtor from any debt-for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

11 U.S.C. § 523(a)(8). Although "undue hardship" is not defined in the Bankruptcy Code, the Ninth Circuit has recognized that "'[t]he existence of the adjective "undue" indicates that Congress viewed garden-variety hardship as insufficient excuse for a discharge of student loans . . . .' " *In re Pena*, 155 F.3d 1108, 1111 (9th Cir. 1998) (quoting *In re Brunner*, 46 B.R. 752, 753 (Bankr. S.D.N.Y. 1985), *aff'd* 831 F.2d 395 (2d Cir.1987)).

  To determine if excepting student loans from discharge will create an undue hardship on a debtor, the Ninth Circuit has adopted the three-part test established by the Second Circuit in *Brunner*. *See Pena*, 155 F.3d at 1112; *Rifino v. United States, et. al. (In re Rifino)*, 243 F.3d 1083, 1086 (9th Cir. 2001). To obtain a discharge of a student loan obligation, the debtor must prove:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Brunner*, 831 F.2d at 396. Under this test, the burden of proving undue hardship is on the debtor, and the debtor must prove all three elements before discharge can be granted. *Education Credit*

UNITED STATES' MOTION TO DISMISS                        5

*Management Corp. v. Nys (In re Nys)*, 446 F.3d 938 (9th Cir. 2006). If Fernandez fails to prove any one of these three prongs, then her debt will not be discharged. *Id.*

Bankruptcy courts may exercise their equitable authority under § 105(a) to partially discharge student loans. *Saxman v. Educ. Credit Mgmt. Corp. (In re Saxman),* 325 F.3d 1168, 1173 (9th Cir.2003); *In re Jorgensen*, 479 BR 79, 86 (9th Cir. BAP 2012). A bankruptcy court's discretion to grant a partial discharge is not unlimited. In each case, the bankruptcy court must find that all three prongs of the Brunner test were satisfied as to the portion of debt discharged. *In re Saxman*, 325 F.3d at 1174. Bankruptcy courts have struggled to fashion a partial discharge around the third prong of the *Brunner* test because good faith, by its very nature, applies broadly to debtors regardless of their financial circumstances. *See Hedlund v. Educ. Res. Inst., Inc.,* 468 B.R. 901 (D.Or.2012); *Educ. Credit Mgmt. Corp. v. Ristow (In re Ristow)*, BAP No. AZ–11–1376–DJuPa, 2012 WL 1001594 (9th Cir. BAP March 26, 2012). In contrast, the first prong of the *Brunner* test allows the bankruptcy court to determine the amount of student loan debt that prevents the debtor from maintaining a minimal standard of living and discharge only that amount.

## DISCUSSION

Fernandez's complaint fails to show a plausible claim for undue hardship under any of the three prongs of the *Brunner* test. Her complaint is speculative and includes misleading statements about student loans. The factual allegations in her complaint and in her bankruptcy documents show that she cannot meet the pleading requirements of Rule 8 or plausibility requirements of Rule 7012(b).

**1.　　First Prong of *Brunner* Test.**

The first prong of the *Brunner* test requires the debtor to prove that she cannot maintain based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans. *Rifino*, 245 F.3d at 1088. To meet this requirement, the debtor must demonstrate more than simply tight finances. *Id.* (citation omitted). "In defining undue hardship, courts require more than temporary financial adversity, but typically stop short of utter hopelessness." *Id.* (citation omitted).

Plaintiff's claims are speculative. Her analysis depends upon future changes to her employment. Doc. 1. The circumstances causing a chapter 7 debtor's financial hardship must arise prior to the entry of the discharge. *In re Zygarewicz* 423 B.R. 909, 912-913 (Bankr. E.D. Cal. 2010). If the

UNITED STATES' MOTION TO DISMISS　　　　　　　　　　　　　　　　　　　　　　　6

circumstances causing a debtor's hardship arise after the entry of a discharge, those circumstances cannot form the basis of a determination that repayment of a student loan will be an undue hardship. *Id.* Thus, future loss of employment after the discharge cannot be relied on to justify the discharge of the student loans because repayment would be an undue hardship. "To hold otherwise would mean that a bankruptcy discharge is a perpetual license to discharge student loans based on events that occur years after the bankruptcy discharge is granted." *Id.*

Fernandez's bankruptcy documents show that she is employed, and her income exceeds her expenses. There is no allegation that she made any effort to obtain a flexible repayment plan while dealing with her health issues. Fernandez does not allege that she was or is in default of her loans. She does not allege that her student loan payment at the time of filing was or is an undue hardship. This shows nothing more than tight finances. For these reasons, the Complaint fails to state a plausible claim under prong one of the *Brunner* test.[3]

### 2. Second Prong of *Brunner* Test.

The second prong requires the debtor to prove additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans. *Rifino*, 245 F.3d at 1088. This part of the test "is intended to effect the clear congressional intent exhibited in section 523(a)(8) to make the discharge of student loans more difficult than that of other nonexcepted debt." *Id.* at 1088–89 (citations omitted). Thus, the debtor must "demonstrate insurmountable barriers to [her] financial recovery and ability to pay." *Nys*, 446 F.3d at 946.

Fernandez received a bankruptcy discharge of her non-student loan unsecured debt. BK Doc. 13. She has a job as a Mental Health Rehabilitation Specialist for 2 years. *Id.* at Sch. I. She has monthly income of $3,383.45 and expenses of $3,62.83. *Id.* At the time of filing, her student loan payments were zero. *Id.* She is only 33 years old. Going forward she has access to an Income Contingent Repayment plan. She does not and cannot claim that is an undue hardship. Instead, she merely alleges that someday she might lose her job and that might someday be an undue hardship. She does not explain how her concerns could not be addressed through a reduced ICRP payment or other form of

---

[3]    Because the Plaintiff cannot satisfy the first prong of the *Brunner* test, it is not necessary to consider the second and third prongs. *Zygarewicz,* 423 B.R. at 914.

UNITED STATES' MOTION TO DISMISS                                                                                                  7

relief available to student loan borrowers. *Id.* She may also be eligible for a public service loan forgiveness based upon her current employment. 34 C.F.R. § 685.219. The Ninth Circuit has established a presumption that a debtor's financial condition will improve, stating:

> We do not presume that an individual's present inability to make loan payments will continue indefinitely. Rather, we hold that the burden is on the debtor to provide the court with additional circumstances, i.e., "circumstances, beyond the mere current inability to pay, that show that the inability to pay is likely to persist for a significant portion of the repayment period. The circumstances need be 'exceptional' only in the sense that they demonstrate insurmountable barriers to the debtors' financial recovery and ability to pay."…
>
> We will presume that the debtor's income will increase to a point where [the debtor] can make payments and maintain a minimal standard of living; however, the debtor may rebut that presumption with "additional circumstances" indicating that her income cannot reasonably be expected to increase and that her inability to make payments will likely persist throughout a substantial portion of the loan's repayment period.

*Nys*, 446 F.3d at 946 (citations omitted). Fernandez is relatively young, recently graduated, obtained employment in her field, and has flexible repayment options. This does not support an inference of undue hardship. Because Fernandez cannot show a plausible claim that her condition will not improve as required under the second prong of the *Brunner* test, the complaint should be dismissed.

**3.　Third Prong of *Brunner* Test.**

Finally, Fernandez must show that she has made good faith efforts to repay the student loans. *Brunner*, 831 F.2d at 396. The underlying purpose of this requirement is to "forestall students ... from abusing the bankruptcy system." *Pena*, 155 F.3d at 1110. Good faith is "measured by the debtor's efforts to obtain employment, maximize income, and minimize expenses." *Educ. Credit Mgmt. Corp. v. Mason*, 464 F.3d 878, 884 (9th Cir.2006) (citation omitted). While not dispositive, courts will also consider a "debtor's effort—or lack thereof—to negotiate a repayment plan..." *Id.* (citation omitted); *Hedlund v. Educ. Res. Inst. Inv.,* 718 F.3d 848, 855 (9th Cir. 2013); *Roth v. Educ. Credit Mgmt. Corp. (In re Roth)*, 490 B.R. 908, 919 (9th Cir. BAP 2013); *Pa. Higher Educ. Assistance Agency v. Birrane (In re Birrane)*, 287 B.R. 490, 499 (9th Cir. BAP 2002). This determination will require the bankruptcy court to consider the evidence regarding Education's various repayment options and whether the debtor considered them in good faith. *See Nys,* 446 F.3d 938.

Fernandez has not alleged sufficient facts to show that she made efforts to consider any of the administrative programs available to address her student loan debts. To the contrary, she admits that

UNITED STATES' MOTION TO DISMISS　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　8

the student loan debt is "currently in good standing." Doc. 1, 2:12-13. In fact, her loans are in good standing because she only recently completed her education and payments have not yet started. BK Doc. 1 at Sch. J. Moreover, her claims that she made an "exhaustive effort to secure employment over the last three years" does not support and inference of good faith. Doc. 1, 2:12-13. In fact, she has obtained a job as a Mental Health Rehabilitation Specialist for 2 years. BK Doc. 1 at Sch. I. She does not and cannot allege that she requested or participated in a flexible repayment plan. In summary, the complaint fails to fairly address actual circumstances to show good faith. If Fernandez could allege good faith, she should have amended the complaint in response to two written requests from Education. The Ninth Circuit requires far more in terms of good faith. Thus, the Complaint does not state a plausible claim for a good faith effort to repay the student loans.[4]

## CONCLUSION

As shown above, the Court should dismiss plaintiff's dischargeability complaint in its entirety.

Dated: September 21, 2021                              Respectfully submitted,

                                                       PHILLIP A. TALBERT
                                                       Acting United States Attorney

                                                   By: /s/Jeffrey J. Lodge
                                                       Jeffrey J. Lodge
                                                       Assistant U.S. Attorney
                                                       Attorneys for the United States

---

[4] Congress has recognized that student loans are not like other unsecured debt and should not be discharged in bankruptcy absent showing undue hardship. 11 U.S.C. § 523(a)(8). Student loans are public assistance, designed to assist citizens with their education goals, without regard to credit history. *See* Higher Education Act of 1965, Pub. L. No. 89-329, 79 Stat. 1219 (1965) (codified as amended at 20 U.S.C. § 1071); 34 C.F.R. parts 682 and 685. Student loans are often provided as part of a package of assistance including grants, subsidized loans, parent loans, and work study. *See* Federal Student Aid, https://studentloans.gov (providing information to the public) (last visited June 6, 2019). Financial counseling occurs at several stages of the lending process. 34 C.F.R. § 685.304. Borrowers have access to their account information on the internet. *See* National Student Loan Data System, www.nslds.ed.gov (last visited June 6, 2019). Repayment terms are generous and flexible. Student loans have interest below market rate. *See* 20 U.S.C. § 1087e(b) (interest rates fixed to treasury bills and subject to a cap). They have many other special features. They can be consolidated. 34 C.F.R. § 685.220. Borrowers may choose flexible repayment options, including: Graduated Repayment Plan, IBR, ICR, and Income-Sensitive Repayment Plan. *Id*. at § 685.208. Repayment plans can be changed at any time. Deferment and forbearance are two ways for borrowers to temporarily postpone or lower loan payments while in school, in the military, experiencing financial hardship, or in certain other situations. *Id*. at §§ 685.204, 685.205. Other possibilities include loan forgiveness, cancellation, and discharge. Student loans are discharged at the death of the borrower, meaning that the debt is not paid by the estate of the borrower and does not burden the borrower's dependents. *Id*. at § 685.212. It is critical to the operation of the student loan program that every borrower repay the American taxpayers for their financial support to the best of their ability. Congress' aim is to "tighten the gaps through which students could avoid loan repayment." *See Douglass v. Great Lakes Higher Educ. Servs. Corp. (In re Douglass)*, 237 B.R. 652, 653 (Bankr. N.D. Ohio 1999) This protects the student loan program for future generations.

UNITED STATES' MOTION TO DISMISS                                                                    9